# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD KEMPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:09CV41 CDP |
| | ) | |
| MARK BISHOP, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Kemper's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. #1]. The petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

On August 13, 2001, petitioner pled guilty to one count of forgery and one count of first-degree robbery. On December 17, 2001 petitioner was sentenced to two terms of twenty (20) years of incarceration in the Missouri Department of Corrections, to run concurrently. On March 12, 2002, pursuant to Missouri Supreme Court Rule 24.035, petitioner filed a motion to vacate, set aside or correct the judgment or sentence. On September 3, 2002, the court denied petitioner's request for an evidentiary hearing and entered its findings of fact, conclusions of law and judgment denying petitioner's request for post-conviction relief. On January 9, 2003,

petitioner appealed the ruling to the Missouri Court of Appeals. See Kemper v. State of Missouri, 129 S.W.3d 439 (Mo. Ct. App. 2004). The Missouri Court of appeals affirmed the denial and issued its mandate on April 16, 2004. Petitioner filed the instant petition on January 7, 2009.[1]

Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent

---

[1] Petitioner filed an amended petition on a court-provided form on February 17, 2009.

judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

In Missouri, the time for filing a direct appeal expires ten days after the judgment is entered. Mo. R. Crim. P. 30.01(d). Petitioner failed to file a direct appeal of his conviction, thus the one-year statute of limitations began running on December 27, 2001. The limitations period was subsequently tolled from March 12, 2002, the date he filed his motion for post-conviction relief, until approximately April 16, 2004, the date petitioner received the mandate of the Missouri Court of Appeals. Payne v. Kemna, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of mandate). As a result, the one-year period of limitations under § 2254 expired in early 2005, or long before petitioner filed the instant action.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant application for a writ of habeas corpus as time-barred. Petitioner's failure to file a

3

show cause response shall result in the denial of the instant habeas corpus petition and the dismissal of this action.

Dated this 17th day of March, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE