# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD KEMPER, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:09CV41 CDP |
| MARK BISHOP, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the Court's Order to show cause why the petition should not be dismissed as time-barred. After reviewing the response, the Court finds that the petition is barred by the statute of limitations. As a result, the Court will dismiss the petition without further proceedings.

On August 13, 2001, petitioner pled guilty to one count of forgery and one count of first-degree robbery. On December 17, 2001 petitioner was sentenced to two terms of twenty (20) years of incarceration in the Missouri Department of Corrections, to run concurrently. On March 12, 2002, pursuant to Missouri Supreme Court Rule 24.035, petitioner filed a motion to vacate, set aside or correct the judgment or sentence. On September 3, 2002, the court denied petitioner's request for an evidentiary hearing and entered its findings of fact,

conclusions of law and judgment denying petitioner's request for post-conviction relief. On January 9, 2003, petitioner appealed the ruling to the Missouri Court of Appeals. See Kemper v. State of Missouri, 129 S.W.3d 439 (Mo. Ct. App. 2004). The Missouri Court of appeals affirmed the denial and issued its mandate on April 16, 2004. Petitioner filed the instant petition on January 7, 2009.

Petitioner filed the instant § 2254 petition on January 7, 2009[1], which is more than five years after his conviction became final. Consequently, the petition is barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations unless the petition is subject to equitable tolling.

Besides statutory tolling, the one year may be equitably tolled when a petitioner establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGugliemo, 544 U.S. 408, 418 (2005); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir.2003); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir.2000). This doctrine, however, gives a habeas petitioner "an exceedingly narrow window of relief." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir.2001) (holding that petitioner's inability to obtain counsel to represent him in pursuit of state post-conviction relief and failure

---

[1] Petitioner filed an amended petition on a court-provided form on February 17, 2009.

of defense counsel to send petitioner his trial transcript until approximately eight months after his conviction was affirmed on direct appeal were not extraordinary circumstances beyond petitioner's control); see also Preston v. Iowa, 221 F.3d 1343 (8th Cir. 2000) (refusing to apply equitable tolling in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources); Kreutzer, 231 F.3d at 463 (holding that counsel's confusion about applicable statue of limitations does not warrant equitable tolling).

In this case, petitioner has not shown that any extraordinary and wholly external circumstances prevented him from seeking federal habeas corpus relief in a timely manner. Instead, he alleges that his appellate counsel "never informed him that he had one year to file his habeas corpus motion . . ." This vague assertion, however, is clearly not sufficient to allow equitable tolling. Our Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir.2002) ( "[i]neffective assistance of counsel generally does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir.) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir.2001)

(rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion). Thus, the Court can find no proper grounds for equitable tolling in this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED**.

An Order of Dismissal shall accompany this Order.

Dated this 1st day of May, 2009.

                                                CATHERINE D. PERRY
                                                UNITED STATES DISTRICT JUDGE